IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RAFER M. HARRISON,

      Plaintiff,

v.                                        No. CV 10-0649 JP/ACT

UNITED STATES OF AMERICA, NEW MEXICO,
UNITED STATES MARSHAL'S OFFICE, NEW MEXICO,

      Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For the reasons below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

In a criminal proceeding in this Court, a jury found Plaintiff, who is Native American, guilty of sex crimes against a child in Indian Country. The Court entered judgment against him. *See*

*United States v. Harrison*, No. CR 00-1152 LH (D.N.M. Jan. 23, July 12, 2001). Plaintiff now alleges in his complaint under 42 U.S.C. § 1983 that he was charged, forcibly arrested, and transported from Indian country in Shiprock, New Mexico, to federal custody, all without benefit of an extradition hearing. He contends that these actions were in violation of treaty agreements, 18 U.S.C. § 3182, and 25 C.F.R. § 11.318, depriving him of constitutional guarantees of due process and equal protection. The complaint asks for damages and prospective injunctive relief.

As a preliminary matter, Plaintiff's claims of constitutional violations by federal officials must be brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and not as a § 1983 action. "[T]he Supreme Court has held that a *Bivens* remedy may be available against federal prison officials for violations of [constitutional protections]." *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009). Where, as here, a pro se plaintiff invokes § 1983 in his complaint and does not mention *Bivens*, the liberal construction afforded pro se pleadings saves his complaint from dismissal. *See Tripati v. United States Immigration and Naturalization Service*, 784 F.2d 345, 346 n.1 (10th Cir. 1986). Furthermore, even though the complaint improperly names the United States and one of its agencies as Defendants, "in a pro se case when the plaintiff names the wrong defendant in the caption or when the identity of the defendants is unclear from the caption, courts may look to the body of the complaint to determine who the intended and proper defendants are." *Trackwell v. United States Government*, 472 F.3d 1242, 1243-44 (10th Cir. 2007). The Court construes Plaintiff's complaint as initiating a *Bivens* action against unidentified Defendants.

The threshold question raised by the complaint is whether the allegation that federal officials, by arresting, charging, and convicting a Native American under 18 U.S.C. § 1153--without benefit of an extradition hearing--states a claim for violation of the accused/defendant's federal rights. "The

first inquiry . . . is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws.' " *Baker v. McCollan*, 443 U.S. 137, 140 (1979) (§ 1983 action). The answer is in the negative, as summarily stated by the Court of Appeals for the Eighth Circuit:

> "[Plaintiff] raises pro se that he was deprived of his equal protection and Sixth Amendment rights because the United States government removed him from the Reservation without first notifying the tribal government so that extradition could take place. Under the Major Crimes Act (MCA), any Indian who commits one of the enumerated offenses "shall be subject to the same laws and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States." [Plaintiff] (an Indian) committed aggravated sexual abuse (an enumerated offense) against the person of another Indian or other person within Indian country. Because his crimes fall within the MCA, the United States has exclusive jurisdiction."

*United States v. Jones*, 440 F.3d 927, 929 (8th Cir. 2006) (citations omitted) (rejecting extradition claim and affirming criminal conviction). When Plaintiff was charged under § 1153, he was "subject to the same laws and penalties as all other persons committing any [enumerated] offenses," *id.*, and thus was not entitled to an extradition hearing. His allegations do not state a claim for a constitutional violation, and the Court will dismiss his complaint.

IT IS THEREFORE ORDERED that Plaintiff's complaint is DISMISSED with prejudice, pending motions are DENIED as moot, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE

3